# CIVIL RIGHTS COMPLAINT FORM

FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

~~Tallahassee~~ DIVISION

1. ERNEST, HOWARD, NELSON ,

2. _____ ,

3. _____ .

(Enter the full name of each plaintiff, plus inmate number (if applicable). Begin the name of each plaintiff on a new line. The entire name of each party should be in capital letters. Descriptive terms such as a party's title or job position should be in normal case.)

VS.

CASE NUMBER: 4:99cv439
(To be assigned by Clerk)

1. SHERIFF, DAVID HARVEY ,
2. MAJOR, LEE ,
3. CAPTAIN, LEE ,
4. SGT, STRICKLAND .

(Enter the full name of each defendant in the same manner as above. If additional space is required, use the blank area directly to the right.)

**ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:**

Revised 2/97

U.S. DISTRICT CT.
NORTHERN DIST. FLA
TALLAHASSEE, FLA.

99 NOV -5 PM 12: 51

I. **PLAINTIFFS:**

State your <u>full name</u>, inmate number, and full mailing address in the lines below. Include the name of the institution in which you are confined. Do the same for any additional Plaintiffs:

(A) Plaintiff's name: Ernest Howard Nelson
Plaintiff's inmate number: (U3) Camp David Annex
Prison or jail: Wakulla County Jail
Mailing address: 15 Oak St
Crawfordville, FL 32327

II. **DEFENDANTS:**

State the <u>full name</u> of the defendant, official position, mailing address, and place of employment. Do the same for **every** defendant.

(1) Defendant's name: David Harvy
Official position: Sheriff
Mailing address: 15 Oak St, Crawfordville, FL 32327
Employed at: Wakulla County Sheriff Dept.

(2) Defendant's name: Crum
Official position: Major
Mailing address: 15 Oak St, Crawfordville, FL 32327
Employed at: Wakulla County Sheriff Dept.

(3) Defendant's name: Lee
Official position: Captain
Mailing address: 15 Oak St, Crawfordville, FL 32327
Employed at: Wakulla County Sheriff Dept.

<u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO <u>DISMISSAL</u> IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

      Yes( )          No( )

[If your answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRED:**

\* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

    a.    Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
    b.    Appeal to the Office of Secretary (Form DC1-303)

\* General Grievance

    a.    Informal Grievance (Form DC3-005)
    b.    Formal Grievance (Form DC1-303)
    c.    Appeal to the Office of Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance

Involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

    a. Did you submit your grievance directly to the Superintendent and/or to the Office of Secretary (Form DC1-303)?

        Yes( )        No( )

    b. If so, you must attach a copy of the grievance and response to this complaint form.

    c. Were you denied emergency status or otherwise required to first file an informal grievance?

        Yes( )        No( )

    d. Did you have a disciplinary hearing concerning this matter?

        Yes( )        No( )

    e. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form.

2. Informal Grievance (Request for Interview)

    a. Did you submit an informal grievance (Form DC3-005)?

        Yes( )        No( )

    b. If so, you must attach a copy of the grievance and response to this complaint form.

3. Formal Grievance (Request for Administrative Remedy or Appeal)

    a. Did you submit a formal grievance (Form DC1-303)?

        Yes( )        No( )

    b. If so, you must attach a copy of the grievance and response to this complaint form.

4. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

    a. Did you submit an appeal to the Office of the

Secretary (Form DC1-303)?

Yes ( )          No ( )

    b.  If so, you must attach a copy of the appeal and response to this complaint form.

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes (✓)          No ( )

If your answer is YES, answer the following questions.

1.  Is there a grievance procedure at your institution or jail?

    Yes (✓)          No ( )

2.  Did you present the facts relating to your complaint in the prison grievance procedure?

    Yes (✓)          No ( )

3.  If your answer is YES:

    a.  What steps did you take? FILED (5) GRIEVANCES.

    b.  What were the results? CAPTAIN LEE, DEP BALL THEM UP AND THEN THREW UPON THE GROUND.

4.  If your answer is NO, explain why not:

## IV. PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE**. FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

    A.  Have you initiated other actions in **state** court dealing with the same or similar facts or issues as involved in this action?     Yes (✓)     No ( )

B. Have you initiated other actions in **federal** court dealing with the same or similar facts or issues as involved in this action?   Yes (✓)   No ( )

C. If your answer to either (A) or (B) is YES, describe each action in the space provided below. If there is more than one action, describe all additional actions on a separate piece of paper, using the same format as below.

   (1) Parties to previous action:
       Plaintiff(s): ERNEST. HOWARD. NELSON
       Defendant(s): SHERIFF, LARRY CAMPBELL, EX..Ah,,

   (2) Court (if federal court, name the district; if state court, name the county):

   (3) Docket Number: 4:99 CV-227-

   (4) Name of Judge:

   (5) Briefly describe the facts and basis of the action:
       1983 CIVIL RIGHTS

   (6) Disposition (Was the case dismissed? If so, why? Did you appeal? What result?): PENDING

   (7) Approximate filing date:

   (8) Approximate disposition date:

D. Have you initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment?   Yes (✓)   No ( )

E. If your answer to (D) is YES, describe each action in the spaces below. Attach additional pages if necessary.

   (1) Court (if federal court, name the district; if state, name the county): FEDERAL

   (2) Docket Number: 4:99 CV 150 - WS

   (3) Parties to the previous action
       (a). Plaintiff(s): ERNEST, HOWARD, NELSON
       (b). Defendant(s): LARRY CAMPBELL

   (4) Basis of action: CIVIL RIGHTS VIOLATION

   (5) Is it still pending?   Yes (✓)   No ( )

V.   STATEMENT OF FACTS:

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case.   Describe how <u>each</u> defendant was involved and what each did or did not do to give rise to your claim.   Include the names of persons involved, dates, times, and places.   State exactly what happened.   **DO NOT make any legal arguments or cite any cases or statutes.**   You may make copies of these pages and attach additional sheets of paper if needed:

Plaintiff, Ernest. Howard. Nelson, pro-se was transferred, Oct/3/99 to Wakulla County jail in realiation for filing a civil suit against Sheriff, Laray Campbell of Leon County of Tallahassee, FL. Open racism, bias and prejudice is practice at this facility which hold for Immigration also housing for D.O.C and sentence prisoners also prisoners from Leon County. Plaintiff was forced to walk upon county and state roads wearing only showers shoes because under the policy of Wakulla County Sheriff, David Harvy the county didn't provide boots. Nor Long Johns for winter wear. The Captain named Lee was given five grievances which he did destroy. Plaintiff told the Sheriff of Wakulla County, David Harvy do makes his own laws and rules, and has not any fear of the United States District Court. Prisoners are forced to use unsanitary toliet facility and showers within a trailor, where theres not any door and flies and filth. Plaintiff lives within a tin building with no fire exit nor windows. Boxes are used to hold personal property nor books provided nor legal access to law library.

## VI. STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

"Color of Law" 1864, No law enforcement officer can willingly and knowingly violates the rights of another while acting within uniform, under the color of law. "Conspiracy" No law enforcement officer can conspire to violate the rights of another while acting "under the color of law. (8th) Cruel and Usual Punishment, for a law enforcement officer to force a prisoner to wear shower shoes and not to provide shoes, long johns and socks, underwear to indigent prisoners. (14th) Equal Protection under the law, Plaintiff is a Muslim, whom do practice the Religion of Islam, Plaintiff not permitted to practice his Religion of Islam on Friday at Noon when Jumma Service starts at Noon, and all Muslim do practice this Religion. Bias and Open Racism is practice within this facility. The question the plaintiff ask of the United States District Court for a Emergency Injunction against the Sheriff of Wakulla County and others employed against Personal Injury or Death.

VII. RELIEF REQUESTED:

State briefly what relief you seek from this court. Do not make any legal arguments or cite any cases. You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

Plaintiff, Ernest. Howard. Nelson, pro-se, seeks Emergency Injuction against Personal Injury or Death by Employees of Wakulla County Sheriff Department. Plaintiff seeks a United States Court Monitor to view the Conditions of Camp David Annex of the Wakulla County Jail. Plaintiff, Ernest. Howard. Nelson, pro-se seeks a just Civil Suit of Actual Damages of $25,000,000 % and Puntive Damages within $100,000,000 % and a Through Investigation of the Wakulla County Sheriff Department, David Harvey

VIII. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

Signed this ___31___ day of ___October___, 19_99_.

_____Ernest. Howard. Nelson_____

(Signature(s) of Plaintiff(s))

Revised 2/97                                            9

CASES PREVIOUS FILED

Nelson vs Merrimack County, New Hampshire
Nelson vs City of Cincinnati, Ohio
Nelson vs Vernell Nelson Jeters
Nelson vs Pinellas County Sheriff Dept
Nelson vs Police Riveria
Nelson vs Pinellas County Sheriff Dept
Nelson vs Warden, Pasco County Jail
Nelson vs City of Clearwater, FL
Nelson vs Pinellas County Sheriff Dept
Nelson vs City of Tarpon Springs, FL
Nelson vs Bradin Downey III
Nelson vs Court Reporter, Ex. Al.
Nelson vs Wetal Ex. Al.
Nelson vs C.O. Riveria
Nelson vs Sheriff, Larry Campbell
Nelson vs Sheriff, Larry Campbell
Nelson vs James Gamble
Nelson vs Sarasian

# DEPARTMENT OF DETENTION

## DETAINEE GRIEVANCE FORM

(REQUEST 3 ZERAX COPY)

DETAINEE NAME: __Nelson,__ __Ernest__ __H__
　　　　　　　　　(LAST)　　　　　(FIRST)　　　　(MIDDLE INITIAL)

CELL BLOCK #: __Annex__

---

### DETAINEE GRIEVANCE

Hidden racism, bias and prejudice. Unsanitary living conditions, fire trap with no windows nor fire extinguish, nor exit signs, no sprinklers. Boxes used for storage, no sanitary for human use of toilet nor showers, open door even for the winter. Nor any eating facility nor books or access to law library.

__[signature]__　　　　　　　　__10-29-99__
COMPLAINANTS NAME　　　　　DATE

### RESPONSE OF JAIL SUPERVISOR

_____
_____
_____
_____

_____　_____
SUPERVISOR NAME　　　　　DATE

---

### I WISH TO APPEAL THE RESPONSE OF THE JAIL SUPERVISOR

_____　_____
NAME OF COMPLAINANT　　　　DATE

---

### COMMANDER OF JAIL OPERATIONS RESPONSE

_____
_____
_____
_____
_____

_____　_____
COMMANDER OF OPERATIONS　　DATE